IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50484
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS SAMAYOA-CASTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1851-ALL-DB
--------------------
January 23, 2003

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Samayoa-Castillo (Samayoa) appeals the sentence imposed
by the district court following his guilty-plea conviction for
illegal reentry of a removed alien.  He argues that the district
court erred in increasing his offense level based upon prior
convictions and obstruction of justice.

The district court's application of the sentencing
guidelines is reviewed de novo, and its findings of fact,
including a finding of obstruction of justice, are reviewed for

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

clear error.  United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).  "As long as a factual finding is plausible in light of the record as a whole, it is not clearly erroneous."  Id.  A defendant challenging the findings in the PSR "must demonstrate that the information contained in the PSR is materially untrue, inaccurate or unreliable."  Id. (internal quotation marks and citation omitted).

Samayoa's self-serving denial that he committed three of the five crimes listed in the Presentence Investigative Report is not sufficient to rebut the evidence adduced by the Government at his sentencing hearing.  See United States v. Londono, 285 F.3d 348, 355 (5th Cir. 2002).  The testimony also showed the Samayoa had lied about his place of birth.

Therefore, the district court's factual findings that Samayoa was the same person who was convicted of the prior five crimes and the instant crime and that he had lied about the prior convictions and his place of birth were "plausible in light of the record as a whole [and were] not clearly erroneous."  Huerta, 182 F.3d at 364.  The district court did not err in enhancing Samayoa's sentence based upon his prior convictions and obstruction of justice.  Accordingly, Samayoa's sentence is hereby AFFIRMED.